## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN EARLE** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Civ. No. 21-4830** |
| | : | |
| **BARRY SMITH, _et al._,** | : | |
| **Respondents.** | : | |

## O R D E R

_Pro se_ Petitioner Kevin Earle has filed Objections to Magistrate Judge Reid's Recommendation that I deny in part and dismiss in part his Amended § 2254 Petition without issuing a certificate of appealability.  (Doc. Nos. 7, 20, 22); 28 U.S.C. § 2254.  I will overrule the Objections and adopt Judge Reid's Report and Recommendation.

### I.      BACKGROUND

In January 2010, a woman and her granddaughter were getting into their car as a man approached, pulled out a gun, took the woman's purse, and fled.  (Doc. No. 20 at 1.)  Neither could positively identify the man from photos shown to them by police later that day.  (Id.)  A week later, the woman's son suggested that Earle was the assailant.  (Id. at 1-2.)  After detectives separately showed the woman and granddaughter photo arrays, each positively identified Earle as the robber.  (Id. at 2.)  The woman again positively identified Earle as the robber at his preliminary hearing and jury trial in the Philadelphia Common Pleas Court.  (Id. at 1-2.)  The granddaughter also identified Earle as the assailant at trial.  (Id. at 13.)

In November 2011, the jury convicted Earle of robbery and three weapons offenses.  (Id. at 1.)  He was sentenced to 17.5 to 35 years' incarceration.  (Id.)

On direct appeal, the Superior Court rejected Earle's challenge to trial evidence sufficiency, concluding that the identifications made by the grandmother and granddaughter amply

supported the verdict.  (Id. at 2.)  The Supreme Court denied *allocatur* in April 2014.  (Id.)

Four months later, Earle filed a Post-Conviction Relief Act Petition, arguing that:

(1) the photo array shown to the grandmother and granddaughter was tainted;

(2) trial counsel ineffectively failed to seek suppression of the identifications or to object to the identifications at trial;

(3) Earle was prejudiced by the admission of testimony from a detective (who, Earle argued, had intimidated a witness in a separate case) and by the prosecutor's reference to that testimony in his closing argument;

(4) trial counsel ineffectively failed to object to witness intimidation testimony, ask that it be stricken, or seek a curative instruction;

(5) a mandatory sentence was illegally imposed "without the appropriate factors having been determined as an element of the underlying offense by the jury beyond a reasonable doubt."

(Id. at 2-3); 42 Pa. Cons. Stat. §§ 9541-46.  The PCRA Court dismissed the Petition in July 2017, and the Superior Court—which was asked to review only Earle's second argument—affirmed in August 2020.  (Id. at 3.)

Earle filed the instant Habeas Petition in June 2021.  (Id.)  He urges that:

(1) all counsel were ineffective in failing to raise claims under Apprendi v. New Jersey, 530 U.S. 466 (2000);

(2) all counsel ineffectively failed to object or preserve objections to the grandmother's and granddaughter's identifications, which were based on "hearsay";

(3) his mandatory minimum sentence was illegal under Apprendi and its progeny;

(4) the trial evidence was insufficient to support his convictions; and

(5) the trial judge's instructions were defective because the judge failed to define "material facts," and because the judge told the jurors that they could "infer" Earle's identity.

(Id. at 3-4.)

I referred this matter to Magistrate Judge Reid for a Report and Recommendation in May 2022. (Doc. No. 8.) Respondents oppose relief. (Doc. No. 19.) Judge Reid recommends denying in part and dismissing in part the Petition without issuing a certificate of appealability. (Doc. No. 20.) He concluded that Earle's first, third, and fifth claims were procedurally defaulted, and that his second and fourth claims were meritless. (Id. at 8-13.) Earle filed *pro se* Objections and Respondents have responded. (Doc. Nos. 22, 25.)

## II.    LEGAL STANDARDS

I must review *de novo* those portions of the Report to which Earle files timely, specific objections. 28 U.S.C. § 636(b)(1)(C). I may "accept, reject, or modify, in whole or in part" Magistrate Judge Reid's findings or recommendations. Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001). As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Note to the 1983 Amendment; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). I construe *pro se* submissions liberally. Rainey v. Varner, 603 F.3d 189, 198-99 (3d Cir. 2010).

Before seeking federal habeas relief, state prisoners must exhaust their state court remedies. 28 U.S.C. § 2254(b). Federal courts usually will not review habeas claims that were not presented to the state court in the manner prescribed by its procedural rules. Wainwright v. Sykes, 433 U.S. 72, 81-82 (1977). "[I]f it is clear that [the habeas petitioner's] claims [would] now [be] procedurally barred under [state] law," the claims are exhausted but procedurally defaulted. Gray

v. Netherland, 518 U.S. 152, 161-62 (1996) (second and fifth alterations in original).  I may not consider a defaulted claim unless the petitioner shows either: (1) cause and prejudice; or (2) that the failure to consider the claim would result in a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750 (1991); Cristin v. Brennan, 281 F.3d 404, 409 n.5 (3d Cir. 2002), cert. denied, Cristin v. Wolfe, 527 U.S. 897 (2002); see Murray v. Carrier, 477 U.S. 478, 488 (1986) ("[A] showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause." (internal quotations and citations omitted)).

I may grant habeas relief only if the state court's adjudication of the petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  To warrant habeas relief, the state court's decision must be "objectively unreasonable."  Jacobs v. Horn, 395 F.3d 92, 100, 106 (3d Cir. 2005).  I may not grant relief "merely because [I] conclude[] that the state court applied federal law erroneously or incorrectly."  Id. at 100; see also Cavazos v. Smith, 132 S. Ct. 2, 4 (2011) ("[A] federal court may not overturn a state court decision . . . simply because the federal court disagrees with the state court.").  I must give determinations by the Superior Court considerable deference; I presume factual issues determined by a state court are correct unless a petitioner rebuts this presumption by clear and convincing evidence.  Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000); see also Sneed v. Beard, 328 F. Supp. 3d 412, 422 (E.D. Pa. 2018) (petitioners face a "high hurdle in challenging the factual basis for a prior state-court decision rejecting a claim").

### III.    OBJECTIONS

#### A.  Claims One, Three, and Five

Judge Reid concluded that Earle did not exhaust his first, third, and fifth claims.  (Doc. No. 20 at 8.)  Earle objects that "arguments One and Three . . . are still available to be exhausted in the State Court and would not be futile . . . pursuant to <u>Commonwealth v. Bradley</u>, 2021 Pa.LEXIS 3819 (2021)."  (Doc. No. 22 at 2.)  The <u>Bradley</u> Court held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so."  <u>Commonwealth v. Bradley</u>, 261 A.3d 381, 401 (Pa. 2021).

Even so, I must deny relief "because [Earle] never exhausted this claim in the state courts." <u>Murray v. Johnson</u>, No. 00-4903, 2023 WL 2647862, at *12 (E.D. Pa. Mar. 27, 2023).  Although he raised claims one and three before the PCRA court, he did not include them in his PCRA appeal. (Doc. No. 20 at 8.)  I will thus overrule this Objection.  <u>See</u> <u>Johnson v. Warden SCI Forest</u>, No. 15-161, 2017 WL 1476341, at *5 n.2 (W.D. Pa. Mar. 23, 2017) ("Any claim that the [p]etitioner did not raise in his PCRA appeal to the Superior Court would be subject to denial on the basis that he failed to exhaust it and, therefore, defaulted it for the purposes of federal habeas review."), <u>report and recommendation adopted</u>, 2017 WL 1483336 (W.D. Pa. Apr. 24, 2017).

#### B.  Claim Two

Earle alleges ineffectiveness of "all prior counsel" in failing to object or preserve objections to the grandmother's and granddaughter's identifications of him, which he believes were based on hearsay.  (Doc. No. 20 at 3.)

Judge Reid rejected this claim, which was also rejected on PCRA appeal, because "[t]he

Pennsylvania courts' analysis of the underlying evidentiary issue constitutes a state ruling on state law, and it cannot, therefore, be reexamined by this Court." (Id. at 11-12 (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).)

In his Objection, Earle reargues the inclusion of the allegedly "flawed, tainted and illegal" photo array, which he contends was based on hearsay. (Doc. No. 22 at 2-3). But see Long v. Pa. Bd. Probation & Parole, No. 14-4171, 2017 WL 3412629, at *2 (E.D. Pa. Aug. 9, 2017) (objections that are virtually identical to and merely rehash the arguments made in a petitioner's other habeas filings are not entitled to de novo review).

On PCRA appeal, the Superior Court "d[id] not discern any error on the part of the PCRA Court," which found that the statement to the grandmother suggesting that Earle may have been involved in the robbery was not hearsay. (Doc. No. 20 at 11); Commonwealth v. Earle, No. 2285 EDA 2017, 2020 WL 4697074, at *3 (Pa. Super. Ct. Aug. 13, 2020). As Judge Reid correctly found, because Earle alleges a violation of the Pennsylvania law of evidence respecting hearsay, his claim is not cognizable before this Court. See Estelle, 502 U.S. at 67-68.

Accordingly, I will overrule this Objection.

## C. Claim Four

At trial, the woman and her granddaughter identified Earle as the assailant. (Doc. No. 20 at 13); Commonwealth v. Earle, No. 3146 EDA 2011, 2013 WL 11254748, *2 (Pa. Super. Ct. Sept. 27, 2013). On direct appeal, the Superior Court observed: "the jury clearly believed this testimony, as was its right to do. . . . [W]hen this evidence is viewed in a light most favorable to the Commonwealth, it is sufficient to establish that [Earle] was the person responsible for, inter alia, robbing [the grandmother] at gunpoint." (Doc. No. 20 at 13); Earle, 2013 WL 11254748, *2.

Judge Reid determined that Earle's fourth claim (that the evidence was insufficient to support his conviction) goes "not [to] the sufficiency, but [to] the weight of the evidence, because it in effect asserts that the jury should not have credited [the grandmother's and granddaughter's] identifications."  (Doc. No. 20 at 12.)  Earle objects that: (1) "the State Court's analysis of . . . sufficiency of the evidence was 'objectively unreasonable'" and "based on an unreasonable determination of the facts"; (2) the "unduly suggestive and tainted identification of [Earle] by the victim and her granddaughter [was] insufficient to sustain the conviction"; and (3) the "prejudicial testimony of Detective Jacobs illegally bolstered the lack of evidence."  (Doc. No. 22 at 4.)

Once again, the Superior Court concluded that the grandmother's and granddaughter's identifications were sufficient to establish Earle's guilt.  (Doc. No. 20 at 13); Earle, 2013 WL 11254748, *2.  Because Earle's claim "was adjudicated on the merits, the Superior Court decision is appropriately entitled to deference."  Cruz v. Glunt, No. 14-4510, 2016 WL 5462140, at *6 (E.D. Pa. Sept. 28, 2016).  Judge Reid determined that: (1) "the Pennsylvania Superior Court used a standard consistent with that set forth in Jackson v. Virginia, 443 U.S. 307, 319 (1979)"; and (2) "[t]he facts upon which the [Superior Court] relied are obviously reasonable, since [the grandmother and granddaughter] undoubtedly identified Earle in court."  (Doc. No. 20 at 13.)  I agree.  Accordingly, Earle's Objection is without merit.  See Cruz, 2016 WL 5462140, at *6.

Although not mentioned in his Petition, Earle now challenges as prejudicial Detective Jacobs's trial testimony.  (See Doc. No. 7 at 13-14; Doc. No. 25 at 3.)  He thus has waived the challenge.  See Suero v. Kauffman, No. 19-1653, 2022 WL 991899, at *10 (E.D. Pa. Apr. 1, 2022) ("[T]he interest of justice does not require consideration of these Objections because Petitioner offers no explanation as to why the claims were not raised in his habeas Petition.").  Moreover, Earle failed to raise this challenge on PCRA appeal.  (Doc. No. 25 at 3); Earle, 2020 WL 4697074,

at *4-5 ("The PCRA court found that defense counsel was not ineffective for failing to object to or request a curative instruction in connection with Detective Jacob's testimony . . . [Earle] does not challenge the PCRA court's ruling in this regard.  In any event, [Earle] has not asserted, much less shown, how he was prejudiced by counsel's failure to object to or request a cautionary instruction regarding the testimony . . . .").  Earle thus failed to exhaust this claim.  Johnson, 2017 WL 1476341, at *5 n.2.

Accordingly, I will overrule this Objection.

**D.  Claim Five**

Earle argues that the trial judge erred in instructing the jury that it should "consider all the evidence relating to the question of who committed the crime, including the testimony of the witnesses from which the identity or nonidentity of the perpetrator of the crime may be inferred." (Doc. No. 20 at 10-11.)

Judge Reid concluded that: (1) "Claim Five, pertaining to the jury instructions, was never brought before a Pennsylvania court"; and (2) "for [Martinez v. Ryan, 566 U.S. 1 (2012)] to excuse procedural default, Earle would have to prove that his PCRA counsel was ineffective for failing to argue that trial and direct appeal counsel ineffectively failed to raise such a claim"; and (3) "there is no meritorious underlying claim of trial counsel ineffectiveness."  (Doc. No. 20 at 10.)

Earle objects that "there is a meritorious claim of ineffective assistance of counsel" because the Commonwealth was "unconstitutionally . . . relieved of its burden" of proof.  (Doc. No. 22 at 5 (citing Hanna v. Riveland, 87 F.3d 1034 (9th Cir. 1996), and Lockhart v. Fretwell, 506 U.S. 364 (1993)).)  I disagree.

A defendant's "identity may be 'inferred from all the facts and circumstances in

evidence.'" <u>United States v. Bailey</u>, 598 F. App'x 117, 120 (3d Cir. 2015) (quoting <u>United States v. Prieto</u>, 549 F.3d 513, 525 (7th Cir. 2008)).  Under Pennsylvania law, although "[p]roof beyond a reasonable doubt of the identity of the accused as the person who committed the crime is essential to a conviction," a person "may be convicted solely on circumstantial evidence." <u>Commonwealth v. Hickman</u>, 309 A.2d 564, 566 (Pa. 1973) (the jury may draw reasonable *inferences* from all evidence).  Earle's jury heard two positive identifications from two eyewitnesses.  This was "sufficient proof of identity." <u>Id.</u>  Because the Commonwealth was not relieved of its burden of proof, Judge Reid correctly determined that Earle had no meritorious underlying claim of ineffective trial counsel.

Accordingly, I will overrule this Objection.

## IV.   CONCLUSION

**AND NOW**, this 28th day of August, 2023, upon consideration of the pleadings and record herein, and after careful review of Magistrate Judge Reid's Report and Recommendation (Doc. No. 20), Petitioner's Objections (Doc. No. 22), Respondents' Response (Doc. No. 25), and all related filings, it is hereby **ORDERED** that:

1. The Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 7) is **DENIED in part and DISMISSED in part with prejudice**;

2. A certificate of appealability will not issue;

3. Petitioner's Objections to the Report and Recommendation (Doc. No. 22) are **OVERRULED**;

4.   Magistrate Judge Reid's Report and Recommendation (Doc. No. 20) is **APPROVED** and **ADOPTED**; and

5.   The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

**AND IT IS SO ORDERED**.

*/s/ Paul S. Diamond*

Paul S. Diamond, J.

10